HAMILTON CARHARTT COTTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31472. Promulgated February 14, 1930.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Harry Le Roy Jones, Esq.*, for the respondent.

OPINION.

BLACK: Petitioner alleges in its petition that it is entitled to affiliation with the Hamilton Carharrt Cotton Mills Co., of Detroit, Mich., because said company owned 240 shares of its common stock, being 80 per cent of its stock, and controlled the remaining 60 shares being 20 per cent, which constituted all of the stock in petitioner.

Section 240 (c) Revenue Act of 1921 provides:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

Petitioner is proceeding under class (1), viz., that another corporation owned or controlled substantially all of its stock, and the Hamilton Carhartt Cotton Mills Co., of Detroit, Mich., is named as the parent corporation. In order to sustain its claim it is incumbent upon petitioner to prove that during the taxable year the Detroit company was the owner of 80 per cent of petitioner's stock and that it controlled enough in addition, either through closely affiliated interests or by a nominee or nominees, to constitute substantially all of petitioner's stock.

In our opinion petitioner has failed to prove that the Detroit company owned any stock in petitioner during the taxable year. It is true that in the organization of the petitioner, the Detroit company became the owner of 300 shares of stock, but it disposed of its entire holdings in 1919 by transferring 240 shares to Hamilton Carhartt, Jr., and 60 shares to Partridge, and, with the exception of a short period of time, said 240 shares stood in the name of Carhartt, Jr., until 1927. He exercised unquestioned rights of ownership over it by pledging it as collateral security in bank to secure his personal note of $24,000. The dividends on the stock were used to pay the note, to extinguish his charge account with petitioner, and to loan or advance in his name $30,000 to the mill located at Rock Hill, S. C. And when such $30,000 was received by the Rock Hill plant, it was credited on the books of the company, not to Hamilton Carhartt Cotton Mills Co., of Detroit, Mich., but to Hamilton Carhartt, Jr.

No evidence has been introduced to show the reason or terms of the transfer of the stock from the Detroit company to Hamilton Carhartt, Jr. He was not even introduced as a witness. It may be significant that at this time all the Carhartt interests were in financial difficulties except the petitioner. Under these circumstances we can not hold that the Detroit company owned 80 per cent of petitioner's

stock during 1923, either directly or by a nominee or nominees. Therefore, the two corporations were not affiliated within the meaning of section 240 (c), Revenue Act of 1921.

*Judgment will be entered for the respondent.*